IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CHRISTOPHER SHAWN TRIBBEY,          )
                                    )
              Petitioner,           )
                                    )
vs.                                 )          Case No. 03-CV-325-JHP-PJC
                                    )
MIKE ADDISON, Warden,               )
                                    )
              Respondent.           )

## OPINION AND ORDER

Before the Court for consideration is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 5) and provided the state court records necessary for adjudication of Petitioner's claims.  Petitioner has not filed a reply to Respondent's response. Petitioner did file a motion to strike Respondent's response as untimely filed.  See Dkt. # 7. However, the Court denied the  motion to strike by Order filed March 25, 2004 (Dkt. # 8).  For the reasons discussed below, the Court finds the petition shall be denied.

## *BACKGROUND*

The record demonstrates that on September 6, 2000, Petitioner Christopher Shawn Tribbey entered pleas of guilty to three (3) charges of Second Degree Rape filed in Delaware County District Court, Case Nos. CF-2000-227, CF-2000-228, and CF-2000-229. See Dkt. # 5, Ex. B. On October 27, 2000, Petitioner was sentenced to fifteen (15) years imprisonment in both Case Nos. CF-2000-227 and CF-2000-229, to be served concurrently, and to five (5) years imprisonment in Case No. CF-2000-228, to be served consecutive to the sentences in Case Nos. CF-2000-227 and CF-2000-229.  See Dkt. # 5, Ex. A. The trial court also directed that upon Petitioner's successful completion of a sex offender treatment program operated by the Oklahoma Department of Corrections, any remaining balance of the sentence would be suspended.  Id.  Petitioner did not move to withdraw

his guilty pleas and did not otherwise perfect a *certiorari* appeal in the Oklahoma Court of Criminal Appeals ("OCCA").

On December 5, 2002,[1] Petitioner filed an application for post-conviction relief in the state district court.  See Dkt. # 5, Ex. C.  He identified the following propositions of error:

Proposition 1:  Breach of plea.

Proposition 2:  Failure to follow state law to have a constitutional [Sex Offender Treatment] program.

(Id.)  By order filed January 29, 2003, the state district court denied Petitioner's request for post-conviction relief.  (Dkt. # 5, Ex. E).  Petitioner appealed, raising the same claims presented to the state district court and alleging that the state district court violated his right to due process in failing to hold an evidentiary hearing on his post-conviction claims.  (Dkt. # 5, Ex. F).  On April 10, 2003, in Case No. PC-2003-273, the OCCA dismissed the post-conviction appeal as untimely under Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App.  (Dkt. # 5, Ex. G).

Petitioner filed the instant habeas corpus action on May 14, 2003 (Dkt. # 1).  In his petition, Petitioner raises three (3) grounds of error, as follows:

Ground 1:      Appellant appeal was not filed out of time -- Oklahoma Criminal Court of Appeals dismissed appeal as out of time not following Houston v. Lack, 101 F.2d 245 (sic) prisoner mail box rule.

Ground 2:      Breach of plea agreement -- State of Oklahoma Sex Offender Program in the Department of Corrections has been ruled unconstitutional and has not started any intake group from May of 2002 to date May 7, 2003, prolonging appellant stay in prison by over 2 years.

---

[1]Filing date of the application for post-conviction relief was obtained from the docket sheet for Delaware County District Court, Case No. CF-2000-227, viewed at www.oscn.net.

Ground 3:    Denial of due process -- Delaware County District Court refused to hear post-conviction made ruling without a hearing based on <u>Childers v. State</u>.

(Dkt. # 1).  In response to the petition (Dkt. # 5), Respondent contends that Petitioner's claims are procedurally barred.

*ANALYSIS*

**A.  Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c).  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.  In addition, Petitioner is not entitled to an evidentiary hearing.  <u>See</u> <u>Michael Williams v. Taylor</u>, 529 U.S. 420 (2000).

**B.  Procedural Bar**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law." <u>Maes v. Thomas</u>, 46 F.3d 979, 985 (10th Cir. 1995).  A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." <u>Id.</u> (quoting <u>Andrews v. Deland</u>, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case, Petitioner alleges that state officials have breached the plea agreement, thereby invalidating his sentences entered in Delaware County District Court, Case Nos. CF-2000-227, CF-2000-228, and CF-2000-229.  Petitioner first raised his habeas claims in his application for post-conviction relief.  After the state district court denied relief, <u>see</u> Dkt. # 5, Ex. E, the Oklahoma Court

3

of Criminal Appeals ("OCCA") imposed a procedural bar on Petitioner's claims and dismissed the post-conviction appeal because Petitioner failed to file his post-conviction petition in error within thirty (30) days of the entry of the district court order denying post-conviction relief as required by Rule 5.2(C), *Rules of the Court of Criminal Appeals*. The OCCA specifically cited to Rule 5.2(C) (providing that "[f]ailure to file a petition in error, with a brief, within the time provided, shall constitute a procedural bar for this Court to consider the appeal"), as authority for the procedural bar. See Dkt. # 5, Ex. G.

The OCCA's dismissal of the post-conviction appeal was based on both an independent and an adequate state procedural ground. The imposition of a procedural bar was an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar was also an "adequate" ground. See Johnson v. Champion, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002); cf. Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998) (concluding that failure to comply with Rule 5.2(C) is an "adequate" ground because the need for "a copy of the district court's order [to be] filed with the reviewing court is necessary for proper evaluation of the judgment below"). Therefore, federal habeas corpus review of Petitioner's claims is precluded absent a showing by Petitioner of "cause and prejudice" for the default or that a fundamental miscarriage of justice will result if Petitioner's claims are not considered. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997).

The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change

4

in the law, and interference by state officials.  Id.  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains."  United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of  the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner did not file a reply to Respondent's response.  However, as his first claim raised in his petition, Petitioner complains that the OCCA did not apply the prisoner mailbox rule in dismissing his post-conviction as untimely.  See Dkt. # 1.  The Court finds Petitioner's argument fails to constitute "cause" to overcome the procedural bar.  In Oklahoma, the "prisoner mailbox rule" does not apply to appeals of the denial of post-conviction applications.  Banks v. State, 953 P.2d 344, 346 (Okla. Crim. App. 1998).  In addition, the record before the Court reveals that  the state district court denied post-conviction relief by order filed on January 29, 2003.  Under Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Petitioner's deadline for filing at the OCCA was February 28, 2003.  However, the certificate of mailing attached to Petitioner's petition-in-error is dated "February 29, 2003."[2]  See Dkt. # 5, Ex. F.  The verification signed by a notary public is dated March 1, 2003, or after the deadline.  Id.  In light of that time frame, it appears Petitioner simply waited too long to give his paperwork to prison officials to insure timely filing at the OCCA.  Petitioner has not provided any evidence suggesting interference by state officials in the delivery of his post-conviction paperwork or that some objective factor, other than his own actions, impeded his efforts to comply with the state procedural rules. As a result, the Court finds Petitioner has failed

---

[2]The Court notes that 2003 was not a leap year.  As a result, the last day of the month of February was February 28.  There was no "February 29, 2003."

to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claims.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Petitioner does not assert that he is actually innocent of the crimes for which he was convicted. Therefore, he does not fall within the fundamental miscarriage of justice exception. The Court concludes that Petitioner's claims are procedurally barred and habeas corpus relief must be denied.

### CONCLUSION

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.     The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2.     A separate judgment shall be entered in this case.

DATED THIS 29th day of September 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma